ANTILLAS ELECTRIC CORPORATION, Plaintiff and Appellee, v. MUNICIPALITY OF ARECIBO, Defendant and Appellant.

No. 8115. Argued January 29, 1940.—Decided January 31, 1940.

*Luis Mercader* for appellant. *Carlos J. Torres* and *Armando A. Miranda* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The plaintiff, Antillas Electric Corporation, presented a claim against the Municipality of Arecibo for electric supplies. The complaint was under oath and the defendant, after preliminary objections, answered. The plaintiff then applied for a judgment on the pleading which the district court with a reasoned opinion granted. The municipality appealed. The plaintiff moves to dismiss the appeal as frivolous.

The appellee presented written grounds for the dismissal. Specifically the defendant did not answer the motion to dis-

miss and the corporation did not appear at the hearing. All that the appellant did in this court was to file a brief.

As the district court pointed out, the complaint alleged that on distinct dates and by its order noted in its account books, the defendant bought on a credit basis electric material in the value of $3,743.89 which were duly delivered, applied and accepted by the municipality; that in addition to this averment the plaintiff made a complete analysis of the claim and segregated the amount in separate items with the number of the order of the municipality, its dates and the amount of every order. The amounts of supplies delivered according to this claim ran from an early date in 1931 until August 1933.

If the defendant lacked any information, which probably it did not, it could have applied for a bill of particulars.

The sufficiency of the complaint is attacked but we agree with the court below that with the foregoing data a prima facie case was made out by the plaintiff.

The complaint was sworn to, and the answer of the defendant, after setting out certain facts, said as follows:

"Sworn to and subscribed by me in Arecibo, on the 26th of September, 1939, by don Juan Abreu, the mayor of Arecibo, of age, whom I know personally.

"(Signed)   Juan Ramírez Vega,
                                    Secretary."

We agree that this oath was insufficient and that the complaint could be taken as confessed. Under section 110 of the Code of Civil Procedure, if the complaint is verified, as it was, each denial must be specific and the oath should state that the facts therein sworn to are true. The appellee recites various cases to support this contention which we do not find necessary to cite as the practice is well known.

In its brief the appellant urges that the defendant is a municipality and alleged that the amount owed the plaintiff had been placed in defendant's budget. This is a vague averment and does not prevent a judgment on the pleadings..

Whatever may be the rule elsewhere, and we are not convinced that there is such a rule anywhere, there is nothing in the law in Puerto Rico which requires the plaintiff to state that there was a special fund to be applied to the liquidation of the amount claimed. Such a statement might have some bearing on the execution of a judgment, but would not prevent a plaintiff from making his claim certain by a judgment.

We find no adequate defense in the record and the appeal should be dismissed as frivolous.